UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOVATO HEALTHCARE CENTER, LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-09547-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

Plaintiff originally filed this case in Marin County Superior Court in October 2021. Dkt. No. 1 at 23. The complaint alleges violations of California's Elder and Dependent Adult Civil Protection Act, as well as negligence and wrongful death claims. The complaint alleges that Plaintiff's mother, Rosamaria Garcia, died in September 2020 after contracting the coronavirus while a resident at Defendants' nursing facility. The complaint alleges that Defendants also neglected Ms. Garcia and showed wanton disregard for her nutritional needs while at the facility. On its face, the complaint pleads no federal claims.

Defendants removed the case to this Court in December 2021 on three grounds: (1) federal officer jurisdiction under 28 U.S.C. § 1442(a)(1); (2) complete preemption of Plaintiff's claims by the PREP Act, 42 U.S.C. §§ 247d-6d and 247d-6e; and (3) embedded federal question jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308 (2005). Dkt. No. 1 at 3-16 (notice of removal); *see also* Dkt. No. 22 (opposition to motion to remand ("Opp.")). Plaintiff moves to remand. Dkt. No. 12 ("Mot.").

At the time Plaintiff filed her motion to remand, the overwhelming weight of persuasive authority favored Plaintiff's position. *See* Mot. at 4-6 and n.2 (citing cases). And since the filing of the motion, the Ninth Circuit has conclusively resolved all of the asserted bases for removal

against Defendants. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022).[1]

In *Saldana*, the Ninth Circuit directly held that:

- Federal officer removal was inappropriate on allegations materially identical in all relevant respects to those in this case. *Id.* at 683-686 (finding that "all that [nursing home defendant] has demonstrated is that it operated as a private entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies," which did not amount to "'acting under' a federal officer or agency as contemplated by the federal officer removal statute");
- The PREP Act does not completely preempt claims that again were materially identical in all relevant respects to those in this case. *Id.* at 686-688 ("[U]nder [the Ninth Circuit's] two-part test, the PREP Act is not a complete preemption statute.");
- State law claims for elder abuse, willful misconduct, custodial negligence and wrongful death (the identical claims raised in this case) did not present any embedded federal question authorizing removal. *Id.* at 688-89.

The Court finds that *Saldana* is controlling and dispositive authority requiring remand of this case, because it makes clear that Defendants cannot meet their burden of justifying removal. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (describing "presumption against removal jurisdiction, under which [federal courts] 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance'") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of

---

[1] *Saldana* issued on February 22, 2022, a week before Defendants filed their opposition. *See* Opp. filed on February 28, 2022. Defendants did not cite *Saldana* in their opposition, and Plaintiff never filed a reply. No party filed a notice of supplemental authority bringing the clearly controlling *Saldana* decision to the Court's attention.

establishing that removal is proper." *See Gaus*, 980 F.2d at 566.

Accordingly, the Court **GRANTS** the motion to remand and **REMANDS** the case to Marin County Superior Court.[2] The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 7/28/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).